UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **GEORGE VATTER, III, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 17-171-JJB-RLB** |
| **JOHNNIE RAY WALKER, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 10, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GEORGE VATTER, III, ET AL.                         CIVIL ACTION

VERSUS

                                         NO. 17-171-JJB-RLB

JOHNNIE RAY WALKER, ET AL.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiffs' Motion to Remand. (R. Doc. 5). The Motion is opposed. R. Doc. 6). For the following reasons, the undersigned recommends the Motion be granted and this case remanded to the 18th Judicial District Court, Parish of Iberville, State of Louisiana.

**I.    Background**

On January 26, 2017, Plaintiffs George Vatter, III and Allison Vatter, filed a Petition for Damages in the 18th Judicial District Court, Parish of Iberville, State of Louisiana, alleging that Mr. George Vatter, III suffered "serious injuries and economic damages," while Mrs. Vatter suffered a loss of consortium, when Defendant Johnnie Ray Walker moved his vehicle into the path of the vehicle driven by Mr. Vatter and Mr. Vatter was unable to avoid the collision. (R. Doc. 1-1 at ¶ 3, "Petition"). Named in the Petition were Defendant Johnnie Ray Walker ("Walker"), the alleged driver of the vehicle; McKenzie Tank Lines, Inc. ("McKenzie"), the alleged employer of Defendant Johnnie Ray Walker; Great West Casualty Company ("Great West"), the alleged liability insurer of McKenzie; and AllState Property and Casualty Insurance Company ("AllState"), the alleged uninsured/underinsured insurer of Plaintiffs. The parties agree that the Petition did not specifically allege a monetary amount of damages.

Plaintiffs assert, and Defendants do not dispute, Defendant Johnnie Ray Walker was served on January 31, 2017 and Defendants McKenzie, Great West, and AllState were served on February 6, 2017. (R. Doc. 5 at 1).

On March 20, 2017, Plaintiffs provided Defendants with responses to written discovery. (R. Doc. 1-3). The responses admit that the Plaintiffs' claim is worth more than $75,000. (R. Doc. 1-3 at 4). Defendants Walker, McKenzie, and Great West filed a Petition for Removal (R. Doc. 1) on March 23, 2017. AllState did not join in or consent to the Petition for Removal.

In support of removal, Defendants Walker, McKenzie, and Great West assert there is complete diversity because the Plaintiffs are citizens of Louisiana, and the Defendants are citizens of Florida (Walker and McKenzie), and Nebraska (Great West). (R. Doc. 1 at 4). While Plaintiff alleges that AllState is "licensed to do and doing business in the State of Louisiana" (R. Doc. 1-1 at ¶ 1(D)), neither Plaintiffs' Petition for Damages nor Defendants' Petition for Removal allege the citizenship of AllState. Pursuant to this Court's May 4, 2017, Order (R. Doc. 7), Defendants Walker, McKenzie, and Great West filed an Amended Notice of Removal on May 10, 2017 alleging AllState is a citizen of Illinois. (R. Doc. 8 at ¶ X).

**II.     Arguments of the Parties**

Defendants removed this case on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, representing that the parties are completely diverse and the $75,000 amount in controversy has been met. (R. Doc. 1 at ¶¶ IX, XI). Defendants Walker, McKenzie, and Great West argue that their March 23, 2017 removal was timely because they were unable to ascertain whether this case was removable until Plaintiff provided responses to Defendants' discovery requests on March 20, 2017. (R. Doc. 1 at ¶¶ IV, V).

Plaintiffs do not dispute that the parties are completely diverse or that the amount in controversy for purposes of diversity jurisdiction has been met. Instead, Plaintiffs set forth two

procedural arguments in their Motion to Remand. (R. Doc. 5).  First, Plaintiffs argue that their Petition for Damages filed on January 31, 2017 in state court triggered the 30-day time period for removal such that Defendants' removal on March 23, 2017 is untimely. (R. Doc. 5 at ¶ 1). Second, Plaintiffs argue the removal was defective because Defendants Walker, McKenzie, and Great West failed to obtain the necessary consent of the fourth named Defendant, AllState. (R. Doc. 5 at ¶ 1).  No party disputes that AllState neither joined in the Petition for Removal nor consented to the removal.

In response, Defendants re-iterate their position that they were unaware the case was removable until they received Plaintiffs' discovery responses on March 20, 2017. (R. Doc. 6 at 4).  Defendants further suggest that there is no possibility of recovery from AllState such that AllState is a "nominal" party whose consent is not required for removal. (R. Doc. 6 at 5-7).

**III.    Law and Analysis**

    **A.    Timing of Removal**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

The time limits for filing a notice of removal, which are provided in the removal procedure rules of 28 U.S.C. § 1446, are as follows:

3

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . .
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

With regard to triggering the 30-day time for removal from the defendant's receipt of the initial pleading, as provided in § 1446(b)(1), the Fifth Circuit has provided a bright-line rule that "the thirty-day removal period under the first paragraph is triggered only where the initial pleading '*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added by *Mumfrey*)).[1]

---

[1] Pursuant to *Chapman*, if a plaintiff wants the 30-day period to run from the defendant's receipt of the initial pleading, a plaintiff should place in that pleading "a specific allegation that damages are in excess of the federal jurisdictional amount." *Chapman*, 969 F.2d at 163. Such a statement would provide notice to defendants that the removal clock had been triggered, but would not run afoul of state laws, such as Louisiana, that prohibit pleading unliquidated damage amounts. In *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2002), the Fifth Circuit addressed *Chapman* and suggested, in dicta, that specific damage estimates in the initial pleading that are less than the minimum jurisdictional amount can be combined with other unspecified damage claims in order to trigger the time limit for filing the notice of removal. In *Mumfrey*, a subsequent panel criticized this portion of *Bosky*, questioned the authority upon which it relied, and noted that if there is a conflict between *Chapman* and *Bosky*, *Chapman* controls as the earlier opinion. *Mumfrey*, 719 F.3d at 400 (characterizing this portion of *Bosky* as "a line that has become the source of significant confusion"). *See Clark v. Dolgencorp*, No. 13-2336, 2014 WL 458220, at *3 (W.D. La. Feb. 4, 2014) ("*Mumfrey* expressly rejected the dicta in *Bosky* that was the cause of confusion and instead reiterated that the 'bright line rule' set forth in *Chapman* applies").

It is undisputed that the initial pleading in this action does not contain a specific allegation that damages are in excess of the federal jurisdictional amount. Accordingly, the 30-day period for removing the action was not triggered by service of the initial pleading.[2]

With regard to triggering the 30-day time period from the Defendant's receipt "of an amended pleading, motion, order, or other paper," as provided in § 1446(b)(3), the Fifth Circuit has provided that the 30-day removal period is triggered only where jurisdiction is "unequivocally clear and certain" from the document. *See Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (stating that the statutory term "ascertained" means "unequivocally clear and certain"). Accordingly, the standard for triggering removal based upon a subsequent "amended pleading, motion, order, or other paper," as provided in § 1446(b)(3), is at least as strict as the standard for triggering the 30-day period for removal based on an initial pleading, as provided in § 1446(b)(1).[3]

---

[2] The current issue is not whether the matter *could* have been removed based on the allegations in the pleadings or subsequent discovery. The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id.* This analysis, however, is separate from the instant matter's *timing* issues and the standard used to determine when the 30-day removal period has begun.

[3] In *Bosky*, the court indicated that the standard to trigger the second 30 day removal period (as is at issue in the instant case) "seems to require a *greater* level of certainty" than the *Chapman* standard used to determine whether a case must be removed based on the allegations contained in the initial pleading. *Id.* at 211 (emphasis added). The Fifth Circuit has subsequently held that *Bosky*'s discussion of the standards for triggering the initial 30-day removal period constituted dicta because the issue before the *Bosky* court was whether removal was timely pursuant to the language of what is now § 1446(b)(3), and not whether removal was timely pursuant to the language of what is now § 1446(b)(1). *See Mumfrey*, 719 F.3d at 399 n.11 (citing *Bosky*, 288 F.3d at 209-11). The *Mumfrey* court criticized the *Bosky* decision to the extent it stated that the bright line rule announced in *Chapman* was less strict than the requirement for triggering the 30-day period with regard to amended pleadings and other documents. *Id.* at 400. While the *Mumfrey* court does not use the "unequivocally clear and certain" language found in *Bosky*, its ultimate holding that the 30-day removal period was triggered by receipt of an amended petition seeking $3,575,000 in damages and not the initial petition, which did not specifically request any amount of damages, suggests that the standards for triggering the 30-day period are virtually identical (if not in fact identical) if removal is based upon the initial pleading or a subsequent paper. *See Smith v. Wal-Mart Louisiana, LLC*, No. 13-2368, 2013 WL 4781778, at *3 (W.D. La. Sept. 5, 2013) (*Bosky* should be read as imposing a trigger for the second removal period that is *at least* as strict as that set forth in *Chapman*.").

5

Here, Defendants propounded Requests for Admission on the Plaintiffs and received responses from them on March 20, 2017, to wit:

**ADMISSION NO. 4:**

Do you admit or deny that your claim is worth more than $75,000?

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Admitted.

(R. Doc. 6 at 4). As the Plaintiffs' Petition does not contain a specific allegation that damages are in excess of the federal jurisdictional amount, and Plaintiff can point to no other paper prior to the responses it provided to Defendants' discovery requests on March 20, 2017, the Court finds that the 30-day removal period was triggered by Defendants' receipt of Plaintiffs' responses to their discovery requests on March 20, 2017. Since the Petition for Removal (R. Doc. 1) was filed March 23, 2017, well within 30 days of the period provided for by 28 U.S.C. § 1446, the Court concludes the removal was timely.

      B.      **Unanimity**

In the Petition, Plaintiff alleges that Allstate is responsible under one or more insurance policies of liability insurance coverage for uninsured and underinsured motorist coverage as well as medical payments coverage. (R. Doc. 1-1 at 6). The question then becomes whether the consent of AllState was required to effectuate a proper removal to federal court. No party argues that AllState consented to the Defendants' removal. 28 U.S.C. § 1446(2)(A) requires that "all defendants who have properly joined and served must join in or consent to the removal of the action." On the question of the timeliness of consent, "[t]he Fifth Circuit has long held that all properly joined and served defendants must join in the notice of removal or otherwise consent to removal within the 30 day period set forth in 28 U.S.C. § 1446(b)." *Ross v. USA Football, Inc.*, 2017 WL 695399, at *1 (E.D. La. Feb. 22, 2017) (citing *Getty Oil Corp., Div. of Texaco, Inc. v.*

6

*Insurance Co. of North America*, 841 F.2d 1254, 1262 (5th Cir. 1988). Despite this requirement, Defendants argue that the consent of AllState was not required because it is a "nominal party." The Court disagrees.

"'Nominal' or 'formal' parties need not join in the removal petition." *In re Beazley Ins. Co.*, 2009 WL 7361370, at *4 (5th Cir. 2009) (citing *Farias v. Bexar County Bd. of Trustees for Mental Health Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991)). In order to succeed in application of this principle, "the removing party must show… that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court." *In re Beazley*, 2009 WL 7361370 at *4. The removing Defendants have not met their burden and, in fact, affirmatively raise defenses in their Answer that negate their argument.

Defendants have argued that McKenzie is insured by three separate policies, namely, that Great West provides $5 million in policy limits, Gemini Insurance Company (a non-defendant in this matter) provides $5 million in excess policy limits, and that an unidentified carrier provides $40 million in excess coverage. (R. Doc. 6-1 at ¶¶ 3-5).[4] The inquiry does not, however, end there for at least two reasons. First, Defendants' Answer to Petition for Damages (R. Doc. 1-1 at 41-47, "Answer") filed in state court on February 10, 2017, admitted that Great West issued a policy of commercial liability insurance in favor of McKenzie, but goes on to qualify that admission on the basis of the potential applicability of "all of its own terms, limitations and exclusions." (Answer at ¶¶ 3, 9). Defendants have also, despite admitting that Defendant Walker was working within the course and scope of his employment at the time of the accident, denied Defendant McKenzie is vicariously liable under La. C.C. art. 2320. If Defendants are successful in these arguments, this could potentially preclude coverage by Great West and trigger the

---

[4] Neither party addresses whether any medical payments coverage provides an alternative basis of recovery against AllState independent of whether the uninsured/underinsured motorist coverage would be triggered.

7

uninsured/underinsured coverage of AllState such that, based on Defendants' own actions, there is a possibility Plaintiffs would need to look to Defendant AllState for recovery.

 Second, while the affidavit submitted by Defendants in support of removal assert that McKenzie has "a total of $50,000,000 in insurance coverage," it is not clear what type of coverage this is and, concurrently, whether that insurance would cover a finding of liability on the part of McKenzie and/or Walker. There are various and sundry types of insurance coverage that a trucking company may have that would not necessarily cover a motor vehicle collision caused by an employee driver. The affidavit falls short of providing the Court sufficient information to conclude that, were McKenzie and/or Walker found liable, the $50,000,000 in insurance coverage would cover that loss such that Defendants have not met their burden of establishing the propriety of removal. Further, Defendants make no showing that this is the only possible claim that may arise from this occurrence, or whether there were other vehicles or persons involved in the collision that have or may make a claim against McKenzie that may be aggregated with this instant claim for purposes of reaching a policy's limits and triggering underinsured motorist coverage.

 In *Cibulski v. Miller*, 2013 WL 950570 (E.D. La. Mar. 11, 2013), Great West argued to the court that a UM carrier's citizenship should be disregarded for purposes of determining the existence of diversity jurisdiction. The court disagreed, remanding the case for lack of subject matter jurisdiction. *Cibulski*, 2013 WL 950570 at *5. In remanding, the court found that, while the defendant alleged it had $15 million in coverage that was enough to cover the plaintiff's injuries if liable, the defendant had failed to meet its burden in establishing the existence of that coverage beyond mere argument, stating, "[r]esolving all issues of fact in favor of plaintiff, the Court cannot definitively find that there is no reasonable basis to predict that Cibulski might be able to recover against USAgencies." *Cibulski*, 2013 950570 at *5. Presumably aware of its

failed attempt to maintain subject matter jurisdiction under an improper joinder argument, Great West now presents the same issue in the context of a nominal party, but the result is the same.

The case of *Garner v. Hyken*, 2011 WL 1002098 (E.D. La. Mar. 18, 2011), is also instructive. There, the plaintiff filed suit to recover for injuries and damages sustained as a result of a motor vehicle accident, naming the at-fault driver (Hyken), the at-fault driver's liability carrier (American Family), and his own uninsured/underinsured carrier (USAA). *Garner*, 2011 WL 1002098 at *1. American Family removed the case to federal court on the basis of diversity jurisdiction, but did not obtain the consent of Hyken or USAA. *Id*. The *Garner* court noted that American Family admitted its policy was "in full force and effect," but additionally pled the applicability of "any and all exclusions or policy coverage provisions." *Id*. at *4. Ultimately, the *Garner* court held that "[b]y denying that its policy covers plaintiff's damages, American Family completely undermines its argument that plaintiff cannot possibly state a claim against USAA. Therefore, USAA is not a nominal party, and its failure to consent within the thirty-day limit requires the remand of this case." *Id*. at *4. The case of *Tureaud v. Kephart*, 2010 WL 1254372, at *3 (E.D. La. Mar. 24, 2010), further states the following:

> National Casualty cannot have it both ways. It may not argue on the one hand that plaintiff has no possible claim against State Farm because the limit of its own policy will clearly cover any damages to plaintiff, while arguing on the other that its policy may not cover plaintiff's claim at all. National Casualty has provided no evidence, other than the limits of its own policy, which is not persuasive, that tends to show that there is no possibility that plaintiff can recover from State Farm. If plaintiff is not able to recover from National Casualty for any reason, plaintiff may proceed against State Farm as plaintiff's uninsured motorist coverage carrier. National Casualty, the removing party, has not met its burden to show that there is no possibility that plaintiff could recover against State Farm. Therefore, the Court finds that State Farm is not a nominal party for purposes of removal.

The same result is warranted here. Great West would have it both ways by denying its policy provides coverage for purposes of its Answer while concurrently suggesting the coverage

9

is sufficient such that there is no possibility of recovery from AllState, making AllState a nominal party for purposes of consent to removal.[5]

Further, Defendants do not address the issue of Medical Payments coverage alleged by Plaintiff in the Petition. Plaintiffs' allege that the AllState "insurance policy contains uninsured and underinsured motorist coverage as well as medical payments coverage, all of which coverages are applicable herein…" (R. Doc. 1-1 at ¶ 10). Defendants make no effort to deal with the claim for alleged Medical Payments coverage provided by AllState.

## IV.    Conclusion

Defendants make much of the suggestion that there exists $50 million in funds available upon a finding of liability, but disregard the possibility that coverage may be excluded on one or more of the applicable policies which would potentially trigger the coverage of AllState, and the fact that Plaintiffs have alleged Medical Payments coverage. Defendants may be correct that, in the event of liability *and* coverage by Great West and the other non-defendant insurers, the uninsured/underinsured coverage of AllState would not be triggered. The Defendants omit consideration of the possibility of liability and *no* coverage by Great West or the other non-defendant insurers that would potentially trigger the uninsured/underinsured coverage of AllState, as well as the Medical Payments coverage. Great West cannot have it both ways.

Accordingly, the Court finds that AllState is not a nominal party for purposes of the requirement that all properly joined and served defendants consent to removal. Since AllState did not consent to the removal, the removal is improper and the case must be remanded.

---

[5] Courts have also dealt with the same issue in the context of a removal wherein the removing party alleges the UM carrier's citizenship should not be considered for diversity purposes on the grounds that it is improperly joined. *See, e.g., Allen v. Occidental Fire & Cas. Co. of N. Carolina*, 2012 WL 1118764, at *3-4 (E.D. La. Apr. 3, 2012); *Rivere v. Leonhardt*, 2010 WL 4553521, at *2-3 (E.D. La. Oct. 28, 2010); *Talbot v. Oats*, 2006 WL 3918396, at *2 (E.D. La. Nov. 27, 2006). *See also Mabile v. Canal Ins. Co.*, 2009 WL 3444760, at *203 (M.D. La. Oct. 23, 2009) (allowing amendment of complaint to add UM carrier, stating, "this court cannot conclude, as the *Ambrose* court did, that the UM carrier is a nominal party.").

10

Based on the foregoing, Defendants' removal of this action was timely pursuant to 28 U.S.C. § 1446(b)(3). Defendants failed, however, to obtain the consent of all properly joined and served parties pursuant to 28 U.S.C. § 1446(b)(2)(A).

## **RECOMMENDATION**

**IT IS THE RECOMMENDATION** of the magistrate judge that the Plaintiffs' Motion to Remand (R. Doc. 5) be **GRANTED** and this action **REMANDED** to the 18th Judicial District Court, Parish of Iberville, State of Louisiana.

Signed in Baton Rouge, Louisiana, on July 10, 2017.

　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**